**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**CASE NO.:**

**MONEYGRAM PAYMENT SYSTEMS, INC.**,

        Plaintiff,

v.

**HEALTHY NUTRITION CENTER, LLC**
**d/b/a HEALTHY NUTRITION CENTER,**
**WISNORD LEONARD and ISRAEL GUIRAND**,

        Defendants.
_____/

## COMPLAINT

MONEYGRAM PAYMENT SYSTEMS, INC., (hereinafter referred to as "Plaintiff" or "MONEYGRAM"), through its undersigned counsel, sues Defendants, HEALTHY NUTRITION CENTER, LLC, WISNORD LEONARD and ISRAEL GUIRAND (hereinafter collectively referred to as "Defendants"), for damages and other relief, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. Section 1332(a)(1) based on the diversity of citizenship of the parties.

2. The amount in controversy is in excess of this Court's minimum jurisdictional amount of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs and attorneys' fees.

3. MoneyGram, is and was at all times material to the allegations in this Complaint, a Delaware corporation with its principal place of business located at 1550 Utica Avenue South, Suite 100, Minneapolis, Minnesota 55416. MoneyGram regularly conducts business in Florida

and within this judicial district. MoneyGram is deemed a citizen of Florida for the purposes of diversity jurisdiction.

4. Defendant, Healthy Nutrition Center, LLC d/b/a Healthy Nutrition Center (hereinafter referred to as "HNC") is and was at all times material to the allegations in this Complaint a Florida limited liability corporation with its principal place of business 21491 Northwest 2nd Avenue, Miami Gardens, Florida 3169 and within this judicial district. HNC is deemed a citizen of Florida for purposes of diversity jurisdiction

5. Defendant, WISNORD LEONARD (hereinafter "Leonard"), is a citizen of Miami-Dade County, Florida and was at all times material to the allegations in this Complaint, the President and owner of HNC, with authority to act on its behalf.

6. Defendant, ISRAEL GUIRAND (hereinafter "Guirand"), is a citizen of Miami-Dade County, Florida and was at all times material to the allegations in this Complaint, a manager, agent or employee of HNC, with authority to act on its behalf.

7. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. Sections 1391(b)(1) and (2). Defendants are all residents of Miami-Dade County, Florida and the events giving rise to the present claims for relief occurred in this district.

8. All conditions precedent to the filing of this action have occurred or have been complied with.

## FACTUAL ALLEGATIONS

9. MoneyGram is a company that, among other things, provides money transfer services and the sale of money orders across the globe, (hereinafter, referred to collectively, as the "Services").

10. MoneyGram does not sell the Services directly to the public, but instead contracts with other persons and entities to sell the Services.

11. MoneyGram contracts with entities such as HNC to provide the Services. Such entities hold the funds collected from the sale of the Services for MoneyGram, earning fees from same.

12. On or about September 29, 2020, Plaintiff entered into such a contract with HNC, by and through a Master Trust Agreement and Addenda (hereinafter, collectively the "Agreement"). True and correct copies of the Agreement and Addenda are attached hereto as Composite Exhibit "A" and incorporated herein by reference.

13. The Agreement was executed by Leonard, as President of HNC.

14. Pursuant to the Agreement, MoneyGram, as the "Company," authorized HNC, as "Trustee," to offer and sell the Services in exchange for MONEYGRAM's agreement to pay HNC a set fee or percentage fee of the monetary value of a particular Service.

15. Under the Agreement, HNC agreed to hold in trust, for the benefit of MoneyGram, any and all proceeds related to the sale of the Services (the "Trust Funds") and to maintain a separate account to hold such Trust Funds:

> Trust Funds" are proceeds from the sale of Services including but not limited to, Consumer Fees. . . face amounts of money orders, gift certificates, DeltaGrams . . . principal amounts of bill payments, money transfers, and debit or pre-paid card purchases, loads or reloads. Trustee agrees to hold Trust Funds in trust for Company and separate from Trustee's funds . . . Trustee shall maintain an account to hold the Trust Funds [the "Trust Account"]. *See Exhibit A, para. 2.*

16. HNC, further agreed in the Agreement that:

> Trustee will safeguard the Trust Funds and all Supplies with the highest degree of care and will take such precautions as a prudent Trustee would take to safeguard its own cash. *See Exhibit A, para. 5(a) and 6.*

and that:

> Trustee is liable to pay to Company all Trust Funds in all circumstances. Until good funds are received by the Company, Trustee is liable for any lost, missing or stolen Trust funds, whether or not Trustee is negligent or at fault and regardless of how the trust funds became lost, missing or stolen. *See Exhibit A, para. 5(b).*

17. As set forth in the Agreement, HNC and Leonard represented to MoneyGram that HNC would dutifully deposit the Trust Funds into the Trust Account.

18. Pursuant to the Agreement, HNC was to hold the Trust Funds in trust for the benefit of MoneyGram. The Agreement required HNC to remit to MoneyGram, *on a daily basis*, all Trust Funds.

19. MoneyGram reasonably relied on the representations of HNC and Leonard in permitting HNC to hold the Trust Funds in the Trust Account.

20. In further consideration of the Agreement, Leonard and Guirand executed and delivered a Personal Indemnity and Guaranty to MoneyGram ("the Guaranty") where they personally, absolutely, unconditionally and irrevocably guaranteed the punctual performance of all obligations of every kind, nature and description of Trustee, whether now existing or hereafter arising, under the Agreement. A true and correct copy of the Guaranty is attached hereto as Exhibit "B."

21. Based upon the Agreement and representations by Leonard and Guirand to MoneyGram, HNC commenced providing the Services on or about November 10, 2020 and retained at least $146,456.69 from the sale of the Services.

22. HNC failed to remit to MoneyGram, as per the Agreement, Trust Funds totaling $146,456.69. In fact, HNC has failed to remit any trust Funds for the Services to the trust Account or to MoneyGram. A copy of the Summary Statement of Account is attached

hereto as Exhibit "C" and is incorporated herein by reference and is a verified account representing the Trust Funds withheld by Defendants.

23. By communications to HNC and its officers, agents and employees on November 18, 2020 and November 20, 2020, MoneyGram demanded the Trust Funds from the sale of the Services due MoneyGram from Defendants.

24. In response, Defendants represented that they had deposited $62,035.00 on November 18, 2020 to the Trust Account.

25. MoneyGram requested proof of payment; however, none was provided and no funds were posted to the Trust Account by Defendants.

26. No deposits of Trust Fund monies have been made by HNC to the Trust Account since the inception of the Agreement.

27. No monies have been paid to MoneyGram for the Services since the inception of the Agreement or the Guaranty.

28. Defendants failed and refused and continue to fail and refuse to pay to MoneyGram the Trust Funds in the amount of $146,456.69, as required by the Agreement and the Guaranty.

29. All conditions precedent to MoneyGram 's right to receive payment from Defendants have been performed or have occurred.

## COUNT 1
## BREACH OF CONTRACT
## (HNC)

30. MoneyGram incorporates each and every allegation of facts set forth in the preceding paragraphs numbered 1 through 29.

31. MoneyGram provided the Services as required by the Agreement. HNC sold said Services and obtained proceeds from same. However, HNC has failed and refused, and continues to

fail and refuse, to deposit the Trust Funds to the Trust Account as required by the Agreement.

32. Likewise, HNC has failed and refused, and continues to fail and refuse to reimburse MoneyGram for the Trust Funds and otherwise perform their obligations under the Agreement.

33. By virtue of the Agreement entered into by and between MoneyGram and HNC, as set forth in Exhibit A and as described in detail above, MoneyGram is entitled to payment of the Trust Funds received by HNC for the Services.

34. HNC's failure to pay the sums due to MoneyGram constitutes a breach of the Agreement and is the direct and proximate cause of actual and consequential damage to MoneyGram in the sum of at least $146,456.69.

35. All conditions precedent to contract formation and to HNC's liability for breach of contract have been performed or have occurred. In the alternative, and without waiving the foregoing, MoneyGram's duty to perform such conditions precedent has been superseded, waived and excused by HNC's wrongful conduct, as described herein.

36. In the alternative, should HNC attempt to assert that they did not agree to pay MoneyGram the proceeds from the sale of the Services, or that HNC is not otherwise not liable to MoneyGram, then MoneyGram alleges and would show that HNC is estopped by its conduct and the conduct of HNC's officers and agent(s) to deny the efficacy and binding force of Defendant's respective agreements and the representations of Defendants in any way contrary thereto.

37. HNC's breach of contract has made it necessary for MoneyGram to place the Agreement with the undersigned attorney for collection of the money due to MoneyGram from HNC.

   The Agreement provides that HNC has agreed to pay attorneys' fees and court costs incurred by MoneyGram in the event an attorney was hired to collect the sums due.

38. In addition to and as a result of the facts described above, MoneyGram is entitled to recover from HNC the reasonable attorneys' fees and court costs associated with prosecuting this lawsuit.

39. MoneyGram is entitled to interest on the sums due to MoneyGram from HNC at the maximum rate of interest to which it is legally entitled.

**WHEREFORE**, Plaintiff, MONEYGRAM PAYMENT SYSTEMS, INC. respectfully requests:

  A. That Plaintiff be awarded judgment against HNC in the amount of $146,456.69 with pre- and post-judgment interest, based upon default of HNC;

  B. That HNC be required to pay all reasonable attorneys' fees incurred on behalf of Plaintiff as a result of this suit;

  C. That the costs of this cause be fully taxed to HNC, including all of Plaintiff's taxable litigation expenses incurred in the prosecution of this cause; and

  D. That this Court grant Plaintiff any such other and further relief as it deems just, equitable and proper.

**COUNT 2
BREACH OF CONTRACT
(Leonard)**

40. MoneyGram incorporates each and every allegation contained in paragraphs 1 through 29 and 31 through 34 of the Complaint for Damages as if fully set forth herein.

41. Under the terms of the Guaranty, Leonard is liable to MoneyGram for the full amount owed to MoneyGram by HNC under the Agreement.

42. Leonard has breached the Guaranty by failing to pay MoneyGram upon HNC's default and breach of the Agreement.

43. MoneyGram has been damaged by Leonard's breach of the Guaranty.

44. Leonard's breach of the Guaranty is the direct and proximate cause of actual and consequential damage to MoneyGram in the sum of at least $146,456.69.

45. All conditions precedent to MoneyGram's right to receive payment from Leonard have been performed, have occurred or have been waived.

46. The Guaranty provides that Leonard has agreed to pay attorneys' fees and court costs incurred by MoneyGram in the event an attorney was hired to collect the sums due.

47. In addition to and as a result of the facts described above, MoneyGram is entitled to recover from Leonard the reasonable attorneys' fees and court costs associated with prosecuting this lawsuit.

48. MoneyGram is entitled to interest on the sums due to MoneyGram from Leonard at the maximum rate of interest to which it is legally entitled.

**WHEREFORE**, Plaintiff, MONEYGRAM PAYMENT SYSTEMS, INC. respectfully requests:

A. That Plaintiff be awarded judgment against Leonard in the amount of $146,456.69 with pre- and post-judgment interest, based upon default of Leonard;

B. That Leonard be required to pay all reasonable attorneys' fees incurred on behalf of Plaintiff as a result of this suit;

C. That the costs of this cause be fully taxed to the Leonard, including all of Plaintiff's taxable litigation expenses incurred in the prosecution of this cause; and

D. That this Court grant Plaintiff any such other and further relief as it deems just, equitable and proper.

## COUNT 3
## BREACH OF CONTRACT
### (Guirand)

49. MoneyGram incorporates each and every allegation contained in paragraphs 1 through 29 and 31 through 34 of the Complaint for Damages as if fully set forth herein.

50. Under the terms of the Guaranty, Guirand is liable to MoneyGram for the full amount owed to MoneyGram by HNC under the Agreement.

51. Guirand has breached the Guaranty by failing to pay MoneyGram upon HNC's default and breach of the Agreement.

52. MoneyGram has been damaged by Guirand's breach of the Guaranty.

53. Guirand's breach of the Guaranty is the direct and proximate cause of actual and consequential damage to MoneyGram in the sum of at least $146,456.69.

54. All conditions precedent to MoneyGram's right to receive payment from Guirand have been performed, have occurred or have been waived.

55. The Guaranty provides that Guirand has agreed to pay attorneys' fees and court costs incurred by MoneyGram in the event an attorney was hired to collect the sums due.

56. In addition to and as a result of the facts described above, MoneyGram is entitled to recover from Guirand the reasonable attorneys' fees and court costs associated with prosecuting this lawsuit.

57. MoneyGram is entitled to interest on the sums due to MoneyGram from Leonard at the maximum rate of interest to which it is legally entitled.

**WHEREFORE**, Plaintiff, MONEYGRAM PAYMENT SYSTEMS, INC. respectfully requests:

  A. That Plaintiff be awarded judgment against Guirand in the amount of $146,456.69 with pre- and post-judgment interest, based upon default of Guirand;

    B.    That Guirand be required to pay all reasonable attorneys' fees incurred on behalf of Plaintiff as a result of this suit;

    C.    That the costs of this cause be fully taxed to Guirand, including all of Plaintiff's taxable litigation expenses incurred in the prosecution of this cause; and

    D.    That this Court grant Plaintiff any such other and further relief as it deems just, equitable and proper.

### COUNT 4
### CONVERSION
### (Defendants)

58. MoneyGram incorporates each and every allegation contained in paragraphs 1 through 29 of the Complaint for Damages as if fully set forth herein.

59. MoneyGram brings this action for conversion against Defendants to recover the Trust Funds owed to MoneyGram.

60. Defendants failed to comply with the Agreement by refusing to deposit the Trust Funds into the Trust Account.

61. MoneyGram has full ownership rights in the Trust Funds or a right to possession of them.

62. Defendants have effectively stolen the Trust Funds and wrongfully asserted an act of dominion and control over the Trust Funds.

63. Despite demands by MoneyGram, Defendants have failed and refused to deposit the Trust Funds and otherwise provide the Trust Funds to MoneyGram.

64. Defendants' refusal to provide MoneyGram with the Trust Funds, despite MoneyGram's demand, constitutes a wrongful act by Defendants, inconsistent with MoneyGram's lawful rights in the Trust Funds.

65. Defendants' unlawful and unauthorized acts have permanently deprived MoneyGram of its ownership of the Trust Funds.

66. As a result, MoneyGram has suffered damages in the amount of $146,456.69 due to Defendants' refusal to remit the Trust Funds.

67. Therefore, Defendants are liable to MoneyGram for conversion.

**WHEREFORE**, Plaintiff, MONEYGRAM PAYMENT SYSTEMS, INC. respectfully requests:

A. That Plaintiff be awarded judgment against Defendants in the amount of $146,456.69 with pre- and post-judgment interest, based upon default of Defendants;

B. That Defendants be required to pay all reasonable attorneys' fees incurred on behalf of Plaintiff as a result of this suit;

C. That the costs of this cause be fully taxed to Defendants, including all of Plaintiff's taxable litigation expenses incurred in the prosecution of this cause; and

D. That this Court grant Plaintiff any such other and further relief as it deems just, equitable and proper, including the imposition of punitive damages.

## COUNT 5
## QUANTUM MERUIT
### (Defendants)

68. MoneyGram incorporates each and every allegation contained in paragraphs 1 through 29 of the Complaint for Damages as if fully set forth herein.

69. MoneyGram brings this action to recover in quantum meruit for the proceeds obtained by HNC, from the sale of MoneyGram's Services, which HNC knowingly and willingly accepted and which were beneficial to HNC.

70. Failure to allow MoneyGram to recover the reasonable value of said Services, minus the contractual set fee or percentage fee to be paid to HNC, pursuant to that Agreement, would result in the unjust enrichment HNC.

71. MoneyGram states that the reasonable value of said Services at the time MoneyGram completed performance, minus the contractual fee to be paid to HNC, if any, pursuant to the Agreement, was at least $146,456.69, the amount remaining unpaid to MoneyGram.

72. MoneyGram seeks recovery of the sum of at least $146,456.69, being the value of Services provided by MoneyGram for which HNC has failed and refused to pay MoneyGram.

**WHEREFORE**, Plaintiff, MONEYGRAM PAYMENT SYSTEMS, INC. respectfully requests:

A. That Plaintiff be awarded judgment against Defendants in the amount of $146,456.69 with pre- and post-judgment interest, based upon default of Defendants;

B. That Defendants be required to pay all reasonable attorneys' fees incurred on behalf of Plaintiff as a result of this suit;

C. That the costs of this cause be fully taxed to Defendants, including all of Plaintiff's taxable litigation expenses incurred in the prosecution of this cause; and

D. That this Court grant Plaintiff any such other and further relief as it deems just, equitable and proper.

### COUNT 6
### NEGLIGENT MISREPRESENTATION
### (GUIRAND AND LEONARD)

73. MoneyGram incorporates each and every allegation contained in paragraphs 1 through 29 of the Complaint for Damages as if fully set forth herein.

74. Leonard negligently made false statements of material fact to MoneyGram in entering the Agreement. Specifically, Leonard misrepresented that, among other things, HNC would safeguard the Trust Funds.

75. Leonard and Guirand negligently made false statements of material fact to MoneyGram in entering the Guaranty. Specifically, Leonard and Guirand misrepresented that:

      a. they would, unconditionally guarantee the punctual performance of all obligations arising under the Agreement, including the timely payment the Trust Funds; and

      b. they would agree to reimburse and indemnify MoneyGram for all defaults under the Agreement, including the circumstances set forth in this Complaint where HNC failed to remit the Trust Funds to Moneygram.

76. Leonard and Guirand negligently made false statements of material fact in the course of HNC's business in a transaction and in which MoneyGram had a monetary interest. Specifically, among other things, Leonard and Guirand negligently made false statements that Trust Funds had been deposited for the benefit of MoneyGram into the Trust Account.

77. Leonard and Guirand did not exercise reasonable care or competence in obtaining or communicating this information to MoneyGram concerning the Agreement, the Guaranty and during the performance of the Services.

78. Leonard and Guirand knew or should have known that the representations were false.

79. Leonard and Guirand intended MoneyGram to rely in the misrepresentations and that the misrepresentations would induce MoneyGram to act on them.

80. MoneyGram justifiably relied on the misrepresentations made by Leonard and Guirand.

81. As a result of the negligent misrepresentations of Leonard and Guirand, MoneyGram has suffered damages. **WHEREFORE**, Plaintiff, MONEYGRAM PAYMENT SYSTEMS, INC. respectfully requests:

    A. That Plaintiff be awarded judgment against Leonard and Guirand in the amount of $146,456.69 with pre- and post-judgment interest, based upon default of Leonard and Guirand;

B.  That Leonard and Guirand be required to pay all reasonable attorneys' fees incurred on behalf of Plaintiff as a result of this suit;

C.  That the costs of this cause be fully taxed to Leonard and Guirand, including all of Plaintiff's taxable litigation expenses incurred in the prosecution of this cause; and

D.  That this Court grant Plaintiff any such other and further relief as it deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Defendant demands trial by jury of all claims and causes of action (Counts 1 – 6) alleged herein.

Dated January 14th, 2021.

*Charles Andrew Tharp*
Charles Andrew Tharp, Esq.
LEITER, BELSKY & THARP
Florida Bar Number 0746134
707 S.E. Third Avenue, 3rd Floor
Ft. Lauderdale, FL 33316
954-462-3116 (Telephone)
954-761-8990 (Facsimile)
Atharp@lbtlegal.com
*Attorney for MoneyGram Payment Systems, Inc.*