United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Moneygram Payment Systems, Inc., Plaintiff, <br><br> v. <br><br> Healthy Nutrition Center, LLC and others, Defendant. | ) ) ) ) ) ) ) ) ) Civil Action No. 21-20166-Civ-Scola |

## **Default Judgment**

The Plaintiff has moved for a default judgment consistent with Federal Rule of Civil Procedure 55(b)(2). Previously, the Clerk of the Court entered a default under Rule 55(a). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

The Complaint alleges that the Defendants breached their contract with the Plaintiff (Counts I-III) and committed the torts of conversion (Count IV), quantum meruit (Count V), and negligent misrepresentation (Count VI). The Plaintiff has filed an affidavit establishing that it suffered damages in the amount of $149,429.19, consisting of $146,456.69 in damages, plus $2,450.05 in prejudgment interest and $522 in costs. (*See* ECF No. 1-4; ECF No. 14-1.)

The Court finds it has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as there is complete diversity between the parties and greater than $75,000.00 is at issue. In support of its claims against the Defendants, the Plaintiff states it provides money transfer services and the sale of money orders through companies and individuals it contracts with to provide such services. (ECF No. 1, at ¶¶ 9-10.) These companies and individuals hold the funds collected from the sale of services for the Plaintiff. (ECF No. 1, at ¶¶ 9-11.) The Plaintiff states that on September 29, 2020, the Plaintiff entered into a contract with Healthy Nutrition Center, LLC through a Master Trust Agreement, which was provided as Exhibit A to the Plaintiff's complaint. (*Id.* at ¶ 12.) The agreement was signed by Defendant Wisnord Leonard. (*Id.* at ¶ 13.) Pursuant

to this agreement the Defendant Healthy Nutrition agreed to hold the proceeds of all sales in a trust fund with such funds to be transferred to the Plaintiff on a daily basis. (*Id.* at ¶¶ 14-19.) Moreover, the Defendants Wisnord Leonard and Israel Guirand executed a Personal Indemnity and Guaranty, pursuant to which the Plaintiff claims they personally guaranteed Healthy Nutrition's obligations under the trust agreement. (*Id.* at ¶ 20.) The Defendants began providing services contemplated by the agreement on November 10, 2020, retaining at least $146,456.69 from the sale of such services which the Plaintiff states were never transferred to the Plaintiff. (*Id.* at ¶¶ 21-29.)

After having considered the Motion, the record, and the relevant legal authorities, the Court **grants in part** the Motion for Default Judgment with respect to Counts I-III, but **denies** the motion with respect to Counts IV-VI (ECF No. 14). The Court finds that the Plaintiff has adequately Counts I-III of its complaint. To state a valid claim for breach of contract, the Plaintiff must allege that there existed a valid contract, that there was a breach of that contract, and there were resulting damages. *Rausnitz v. Transamerica Life Ins. Co.*, No. 19-22894-Civ, 2019 WL 7643148, at *2 (S.D. Fla. Dec. 13, 2019) (Scola, J.). The Court finds that the Plaintiff has adequately alleged that there existed a valid contract between the Plaintiff and the Defendant Healthy Nutrition Center LLC (ECF No. 1-2), that such contract was breached, and that the Plaintiff suffered damages. The Court also finds that the Plaintiff has adequately alleged there existed a valid personal guaranty and indemnity agreement between the Plaintiff and the Defendants Wisnord Leonard and Israel Guirand (ECF No. 1-3), which was breached, resulting in damages to the Plaintiff.

With respect to the Plaintiff's tort claims, Counts IV-VI the Court finds that the Plaintiff has failed to allege causes of action which are independent from its breach of contract claims and accordingly Counts IV-VI of the complaint must fail. *See Maharaj v. Jaafar*, No. 19-23709-Civ, 2020 WL 6870902, at *3 (S.D. Fla. May 21, 2020) (Williams, J.) ("there is a consensus among courts in this District that to set forth a claim in tort between parties in contractual privity, a party must allege action beyond and independent of breach of contract that amounts to an independent tort.") (internal citation omitted). While the Plaintiff states its conversion claim is proper as the Defendants converted funds that were to be held in trust, the Court notes that because the duty to hold the funds was established in the parties' contract, it is not an independent tort. *See Ft. Young (1986) Ltd. v. Watson-Jones*, No. 08-61841-Civ, 2009 WL 10667735, at *7 (S.D. Fla. Sept. 2, 2009) (Altonaga, J.) (noting a claim of conversion was not barred where "the duty to hold the funds

in trust did not arise from the parties' . . . agreement"). Accordingly, the Court denies the request to grant default judgment with respect to Counts IV-VI.

The Court **enters judgment** in favor of the Plaintiff, Moneygram Payment Systems, Inc., and against the Defendants Healthy Nutrition Center, LLC, Wisnord Leonard, and Israel Guirand with respect to Counts I-III in the amount of $149,429.19, for which sum let execution issue. The Court finds the Defendants are jointly and severally liable for this amount. Interest upon this judgment amount will accrue at the rate prescribed by 28 U.S.C. § 1961. The Defendants' last known addresses are:

> Healthy Nutrition Center LLC
> Jennifer Vasquez, Registered Agent
> 24191 N.W. 2nd Avenue
> Miami Gardens, FL 33169
>
> Wisnord Leonard
> 24191 N.W. 2nd Avenue
> Miami Gardens, FL 33169
>
> Israel Guirand
> 1355 N.E. 153rd Street
> North Miami Beach, FL 33162

The Court **directs** the Clerk to administratively **close** this matter. The Court retains jurisdiction, as requested by the Plaintiff, to consider any requests for attorneys' fees.

**Done and ordered** in Miami, Florida, on March 15, 2021.

_____
Robert N. Scola, Jr.
United States District Judge