UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 21-CV-20166-SCOLA/GOODMAN**

MONEYGRAM PAYMENT SYSTEMS, INC.,

    Plaintiff,
v.

HEALTHY NUTRITION CENTER, LLC,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON
## PLAINTIFF'S MOTIONS FOR CONTEMPT

**THIS CAUSE** is before the Undersigned on Plaintiff's Motions for Contempt against Defendants Wisnord Leonard ("Leonard") and Israel Guirand ("Guirand"). [ECF Nos. 30; 32]. United States District Court Judge Robert N. Scola, Jr. referred both motions to the Undersigned for either an order or a report and recommendations. [ECF Nos. 31; 33]. Plaintiff's motions are the most recent in a long line of motions filed in an attempt to compel Leonard and Guirand to complete Florida Rule of Civil Procedure Form 1.977. [ECF Nos. 19; 23; 31; 33].

In addition to reviewing Plaintiff's memoranda and exhibits, the Undersigned held a hearing on Plaintiff's motions, which was attended by Plaintiff's counsel, Leonard and Guirand. [ECF No. 36].

For the reasons discussed below, the Undersigned certifies that clear and convincing evidence exists that Leonard and Guirand are in contempt of court and **respectfully recommends** that the District Court schedule a show cause hearing which Leonard and Guirand must both personally attend with the completed forms. If either or both Leonard and Guirand fail to appear at the show cause hearing, then the District Court should direct the clerk to issue a warrant for the non-appearing defendant(s)' arrest and the non-appearing defendant(s) should be coercively incarcerated until the form is completed. If Leonard and Guirand appear and the forms are not completed, then the District Court should direct them to complete the form while in court or coercively incarcerate them until the form is completed.

### I. Factual Background

Plaintiff obtained a default judgment against both Leonard and Guirand. [ECF No. 15]. In an attempt to complete post-judgment discovery, Plaintiff filed a motion to compel Defendants to complete Form 1.977. [ECF No. 16]. The motion was referred to the Undersigned. [ECF No. 17]. I granted Plaintiff's Motion to Compel and ordered Leonard and Guirand to complete Form 1.977 and to return the completed form to Plaintiff's counsel within 45 days. [ECF No. 18].

Plaintiff filed a second motion to compel against Leonard, alleging that although it mailed Leonard a copy of Form 1.977 and received a return receipt, Leonard had not returned the completed form as required. [ECF No. 19]. The motion was referred to the

2


Undersigned [ECF No. 20] and I granted Plaintiff's request and Ordered Leonard to complete Form 1.977 and return it to Plaintiff's counsel within 15 days [ECF No. 21]. The Order also informed Leonard that "[f]ailure . . . to comply with this Order could result in a contempt finding and a coercive daily fine, a compensatory fine, attorney's fees . . . [or] coercive incarceration." *Id.* (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991)) (some alterations in original).

Plaintiff also filed a second motion to compel against Guirand, alleging that although it mailed Guirand a copy of Form 1.977 and confirmed receipt through the United States Postal Service tracking system, Guirand had not return the completed form as required. [ECF No. 23]. The motion was referred to the Undersigned [ECF No. 24] and I granted Plaintiff's request and Ordered Guirand to complete Form 1.977 and return it to Plaintiff's counsel within 15 days [ECF No. 25]. The Order also informed Guirand that "[f]ailure . . . to comply with this Order could result in a contempt finding and a coercive daily fine, a compensatory fine, attorney's fees . . . [or] coercive incarceration." *Id.* (citing *Citronelle-Mobile Gathering, Inc.*, 943 F.2d at 1304) (some alterations in original).

Plaintiff's two pending motions allege that neither Leonard nor Guirand have returned completed versions of Form 1.977. [ECF Nos. 30; 32]. In its prayer for relief, Plaintiff requests that this Court "take whatever action may be necessary, including the use of its coercive contempt powers, to compel Defendant[s] to complete [F]orm 1.977."

*Id.* Plaintiff relies on the same proof of service exhibits it relied upon in each of its second motions to compel. [ECF Nos. 30-1; 32-1].

The Undersigned scheduled a hearing on Plaintiff's motions so that Plaintiff could present evidence concerning Defendants' knowledge of each of the Orders requiring them to complete Form 1.977. [ECF No. 34]. The Undersigned required both Leonard and Guirand to appear at the hearing and directed Plaintiff to personally serve each Defendant with a copy of the Order scheduling the hearing. *Id.* On May 21, 2022, Plaintiff served Defendant Leonard with the Order scheduling the hearing [ECF No. 34], the initial motion to compel [ECF No. 19], and the motion for contempt [ECF No. 30]. [ECF Nos. 35; 35-2]. Similarly, on May 23, 2022, Plaintiff served Defendant Guirand with the Order scheduling the hearing [ECF No. 34], the initial motion to compel [ECF No. 23], and the motion for contempt [ECF No. 32]. [ECF Nos. 35; 35-1]. As part of the service package, each Defendant was also provided a copy of Form 1.977. [ECF No. 35].

At the evidentiary hearing, both Leonard and Guirand appeared and testified under oath. Both Defendants claimed that they first received Form 1.977 on May 22, 2022. When asked to explain its earlier service efforts, Plaintiff's only proof of earlier service on Defendant Guirand was an unsigned mail receipt [ECF No. 32-1] and its proof of earlier service on Defendant Leonard consisted of a signed mail receipt, which Leonard confirmed during the hearing was not his signature.

4

When Defendants saw the addresses where the earlier motions and Orders had been delivered, they explained that the addresses were no longer their correct addresses. According to Defendants, mail sent to those addresses is not always forwarded to them and they never received Plaintiff's earlier service mailings.

Following the testimony concerning previous service attempts, Leonard and Guirand confirmed they each still had a copy of the form and stated that they wanted a lawyer's assistance in completing the form. They claimed that a lawyer agreed to represent them and that they would be meeting the lawyer the following day.

In light of this testimony, the Undersigned determined that neither Defendant had received the form before May 22, 2022. I ordered Defendants to complete Form 1.977 either with a lawyer's advice or on their own and to return the completed form to Plaintiff's counsel within thirty days. I instructed Defendants that this meant that the completed form must be placed in the mail within thirty days. It was confirmed that both Defendants were in possession of Plaintiff's counsel's address.

Following this ruling, both Defendants were given the opportunity to ask any questions about the Undersigned's Order. Neither expressed any concerns or confusion with the Undersigned's Order.

After the hearing's conclusion, the Undersigned issued the following paperless post-hearing administrative Order memorializing the oral pronouncement: "Defendants Wisnord Leonard and Israel Guirand shall each complete Form 1.977 and either directly

deliver the completed form to Plaintiff's counsel by July 15, 2022 or place the completed form in the mail by that deadline." [ECF No. 37].

On July 18, 2022, the Undersigned required Plaintiff's counsel to submit a status report informing whether Defendants had abided by the Court's Order and completed and submitted Form 1.977 to Plaintiff's counsel. [ECF No. 38]. According to Plaintiff's status report, as of July 21, 2022, neither Defendant completed and submitted to Plaintiff's counsel the required form.

## II.     Legal Standard

"In a civil contempt proceeding, the petitioning party bears the burden of establishing by 'clear and convincing' proof that the underlying order was violated." *PlayNation Play Sys., Inc. v. Velex Corp.*, 939 F.3d 1205, 1212 (11th Cir. 2019) (citing *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990)). The movant must show: "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV-MARRA, 2010 WL 2978077, at *2 (S.D. Fla. June 1, 2010), report and recommendation adopted, No. 03-60129-CIV-MARRA, 2010 WL 2978080 (S.D. Fla. July 26, 2010) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)).

Generally speaking, "[a]bsent full consent of all parties pursuant to 28 U.S.C[.] § 636(c), '[m]agistrate judges must refer contempt proceedings stemming from out-of-court

action/inaction to district court judges.'" *Parenteau v. Prescott Unified Sch. Dist.*, No. CV-07-8072, 2010 WL 729101, at *3 (D. Ariz. Mar. 2, 2010) (quoting *Wilhelm v. Yott*, No. CIV S-08-210, 2009 WL 2244178, * 3 (E.D. Cal. 2009)); *see also Brother*, 2010 WL 2978077, at *1. ("Under 28 U.S.C. § 636(e) . . . a magistrate judge may not exercise the contempt power of the district court. Instead, when the act complained of constitutes a civil contempt or a criminal contempt occurring outside his or her presence, the magistrate judge must certify the relevant facts to the district judge and serve the alleged contemnor with an order to show cause before the district judge why he or she should not be held in contempt on the basis of the certified facts.").

The certification of facts under section 636(e) serves to determine whether the moving party has adduced sufficient evidence to establish a prime facie case of contempt. *Solana v. All Am. Waste & Recycling, LLC*, No. 17-20573-CIV, 2017 WL 7726727, at *2 (S.D. Fla. Dec. 12, 2017).

### III. Certified Facts

Plaintiff's argument for contempt is simple: Defendants should be held in contempt because they have not completed the Form 1.977 Fact Information Sheet as Ordered by the Court. [ECF Nos. 30; 32]. To meet its burden to show that this alleged behavior occurred and is contemptuous, Plaintiff must establish (1) the Order requiring Defendants to complete Form 1.977 was valid; (2) the Order was clear and unambiguous; and (3) Defendants had the ability to comply.

Federal Rule of Civil Procedure 69 provides that "[i]n aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). Thus, the Florida procedure for executing judgment applies in the instant matter. *See Pronman v. Styles*, No. 12-80674, 2016 WL 4613384, at *3 (S.D. Fla. Aug. 19, 2016) (citing Florida Rule of Civil Procedure 1.560 as the applicable Florida law equivalent).

Relevant here, Florida Rule of Civil Procedure 1.560 states:

> (b) Fact Information Sheet. In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. Failure to obey the order may be considered contempt of court.

Fla. R. Civ. P. 1.560(b).

Therefore, because Plaintiff is a proper judgment creditor of Defendants [ECF No. 15] and requested the Court to order Defendants to complete Form 1.977 [ECF Nos. 16; 19; 23], each of the Undersigned's Orders requiring Defendants to complete the form within a set time frame were valid under Federal Rule of Civil Procedure 69 and Florida Rule of Civil Procedure 1.560.

Further, the validly issued Orders were also clear and unambiguous. In each Order, Defendants were instructed to complete Form 1.977 and return the completed

form to Plaintiff's counsel within a certain time frame. *See* [ECF Nos. 18 ("Defendants shall complete [16-1] Form 1.977 and return the completed form to Plaintiff's counsel within 45 days."); 21 ("Defendant Wisnord Leonard shall complete, under oath, [ECF No. 16-1] Form 1.977 and return the completed form to Plaintiff's counsel within 15 days of receipt."); 25 ("Defendant Israel Guirand shall complete, under oath, [ECF No. 16-1] Form 1.977 and return the completed form to Plaintiff's counsel within 15 days of receipt."); 37 ("Defendants Wisnord Leonard and Israel Guirand shall each complete Form 1.977 and either directly deliver the completed form to Plaintiff's counsel by July 15, 2022 or place the completed form in the mail by that deadline.")].

On the final element, the testimony at the evidentiary hearing established that Defendants were unable to comply with the Orders issued before the June 15, 2022 hearing because they never received copies of the Orders. Although Plaintiff presented evidence that it had mailed the prior motions and Orders to what was believed to be Defendants' addresses, Defendants testified that they moved and did not receive the mail. Plaintiff was unable to rebut this testimony.

However, both Defendants were able to comply with the Undersigned's unambiguous Order issued during the hearing. Before issuing the Order, both Defendants testified under oath that they had received a copy of Form 1.977 and understood that they needed to fill out and return the completed form to Plaintiff's counsel. Further, Plaintiff's notice confirming service on Defendants of the Order

scheduling the evidentiary hearing also confirms that each Defendant was given Plaintiff's counsel's address. *See* [ECF Nos. 35-1 (Guirand was provided a copy of Plaintiff's Motion to Compel and Plaintiff's Motion for Contempt, which contains Plaintiff's counsel's address); 35-2 (Leonard was provided with the same documents)].

Therefore, when the Undersigned ordered Defendants to complete and return to Plaintiff's counsel Form 1.977 by July 15, 2022, they had all the necessary information and documents to comply. Further, Defendants were each given an opportunity to ask any questions concerning the contents of the Order and both indicated that they understood what was required of them.

Accordingly, the Undersigned certifies that clear and convincing evidence exists to establish that Guirand and Leonard violated the Undersigned's lawfully issued and unambiguous June 15, 2022 Order requiring each of them to complete and return to Plaintiff's counsel Form 1.977 within thirty days.

**IV. Conclusion**

The Undersigned respectfully recommends that the District Court schedule a show cause hearing as to why the Court should not sanction Defendants for their disobedience. The Order scheduling the hearing should require Defendants to personally appear with a completed copy of Form 1.977. If Defendants do not appear, then the District Court should issue a warrant for Defendants' arrest and coercively incarcerate them until they complete and return to Plaintiff Form 1.977. If Defendants appear without

the completed form, then the Court should direct them to complete the form while in court. If Defendants refuse to complete the form in court, then the Court should take them into custody and coercively incarcerate them until they complete and return to Plaintiff Form 1.977.

V. **Objections**[1]

The parties will have fourteen days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within fourteen days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*,

---

[1] Plaintiff's counsel shall serve this Report and Recommendations on both Leonard and Guirand via personal service. Plaintiff's counsel shall file a notice on CM/ECF by August 25, 2022 providing the service status. If either Leonard or Guirand are not personally served despite Plaintiff's counsel's efforts, then the notice shall explain why personal service could not be accomplished.

If Plaintiff's counsel elects to serve Leonard and Guirand via alternative service (after having exhausted all available options for personal service), then the notice shall explain what type of service was used and why the alternative service is effective or sufficient.

885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 17, 2022.

*[signature]*
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record